IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE THOMAS

                  Petitioner,                  OPINION AND ORDER

v.

                                                      21-cv -821-wmc

MATTHEW MARSKE,

                  Respondent.

Petitioner Maurice Thomas, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. In his petition to this court, Thomas appears to challenge the Bureau of Prison's ("BOP") calculation of his sentence credit for time he served prior to sentencing, but he does not provide any details about how the BOP actually calculated his sentence credit. Therefore, since the court has no way to discern whether Thomas has stated a claim for relief, the court will direct Thomas to supplement his petition to provide more information about how the BOP has actually calculated the time he has left to serve on his sentence.

OPINION

On December 11, 2013, Maurice Thomas was sentenced in the Eastern District of Pennsylvania, having pleaded guilty to two counts of conspiracy to commit robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a) ("the Hobbs Act"); and one count of carrying and using a firearm during and in relation to a crime of violence,

1

in violation of 18 U.S.C. § 924(c)(1). *United States v. Thomas*, 2:11-cr-618-CMR, dkt. #201 (E.D. Pa.) The court sentenced Thomas to 120 months' imprisonment, stating that Thomas should receive credit for time served. *Id.* Thomas claims that he currently is appealing his conviction on the ground that an attempted Hobbs Act robbery is not a crime of violence, but the record of that criminal proceeding does not show that an appeal by Thomas is pending or was filed. Rather, that docket shows that Thomas has recently filed multiple *pro se* letters to the court, representing that the BOP has not credited 26 months of time, and asking that court to correct his sentence. *Id.*, dkt. ##301, 302, 303.

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for challenges to the administration or computation of a sentence. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted). Under 18 U.S.C. § 3585(b), the Bureau of Prisons *must* apply sentence credit for "any time [the defendant] has spent in official detention prior to the date the sentence commences" and "that has not been credited to another sentence." However, "§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence." *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996). Finally, the BOP "'has the authority to determine when to give a defendant credit against a sentence for time he has served.'" *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (quoting *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994)).

Thomas does not challenge his conviction or sentence in his petition before this

court. Instead, like in his letters to the court in which he was sentenced, he claims that at his December 11, 2013, sentencing, the district court judge stated that he should receive 26 months of sentence credit for time served. However, Thomas has not provided any allegations about how the BOP has accounted for, or failed to account for, this time served. Therefore, before the court can assess whether he has a plausible claim for relief under the standard described above, Thomas will be required to supplement his petition with more information. Specifically, Thomas should provide to the court the BOP's calculation of his sentence he is challenging, as well as the documentation showing that Thomas exhausted the administrative remedies with respect to his efforts to have the BOP credit the 26 months that he claims he is owed. If Thomas provides that information by the deadline set forth below, the court will evaluate his petition under Rule 4. If Thomas fails to timely file a supplement, the court will dismiss this petition for failing to state a plausible claim for relief.

ORDER

IT IS ORDERED that:

1. Petitioner Maurice Thomas may have until **March 1, 2022,** to supplement his petition for a writ of habeas corpus with the missing information as outlined immediately above.

2. Failure to supplement the petition timely with this information will result in its dismissal.

Entered this 8th day of February, 2022.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge