IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAURICE THOMAS,

                              Petitioner,                           OPINION and ORDER

        v.
                                                                    21-cv-821-wmc[1]
WARDEN R.D. KEYES,

                              Respondent.

---

Proceeding pro se, Maurice Thomas, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. Thomas challenges the Bureau of Prison's (BOP) calculation of his sentence credit for time he served prior to sentencing in federal court. The court directed Thomas to supplement his petition with details about the BOP's calculation of his sentence. Thomas has provided that requested information, Dkt. 11 and attachments, so this matter now ready the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which apply to § 2241 petitions. Under Rule 4, I will dismiss the petition only if it plainly appears that Thomas is not entitled to relief. Because the record Thomas provided does not show how the BOP considered a statement in a federal court judgment, I will direct a response to this petition.

BACKGROUND

In March of 2011 Maurice Thomas was arrested in Georgia and extradited to the State of Pennsylvania to face state-court murder charges. On October 4, 2011, Thomas was sentenced in Pennsylvania state court to serve a five-to-ten-year sentence for that charge. That

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

day, Thomas was placed in the physical custody of federal authorities pursuant to a writ of habeas corpus ad prosequendum to face federal charges arising from the same events underlying the state-court conviction.

In 2013 Thomas pleaded guilty to the federal charges of two counts of conspiracy to commit robbery interfering with interstate commerce, in violation of 18 U.S.C. § 1951(a); and one count of carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). *United States v. Thomas*, 2:11-cr-618-CMR, Dkt. 201 (E.D. Pa.). On December 11, 2013, the court sentenced Thomas to 120 months of imprisonment, stating that Thomas should receive credit for time served. *Id.* The court did not state whether Thomas's federal sentence should run concurrent with or consecutive to any state court sentence arising from the same events. After his federal sentencing, Thomas was returned to Pennsylvania authorities to continue serving his state-court sentence. On March 10, 2016, Thomas was paroled from his state sentence and turned over to federal authorities to begin his federal sentence.

Thomas petitioned the BOP to credit 26 months of time—from October 4, 2011 through December 12, 2013—toward his federal sentence. In October 2018 Thomas submitted an informal resolution form asking for federal credit for that time period, representing that during that time-period he was in federal custody pursuant to a writ of habeas corpus ad prosequendum. He received a response denying his request because Thomas had already addressed that issue with the Designation and Sentence Computation Center (DSCC) in 2014 and again in 2015, and the DSCC concluded that he was not entitled to the presentence credit he was seeking. (Thomas has not submitted details about those DSCC decisions to this court.) Thomas then submitted a Request for Administrative Remedy in which he repeated his request

that the BOP credit that period of time based on the federal judge's statement at sentencing. Thomas received a response from the warden of his institution dated November 19, 2018, denying his request. The warden explained that Thomas had received credit towards his state sentence beginning March 7, 2011, and 18 U.S.C. § 3585(b) permits the BOP to award presentence credit for time served in official detention only if the time had not been credited against another sentence. Dkt. 11-6, at 4.

Thomas next submitted a Regional Administrative Remedy Appeal, which was denied. The regional director concluded that the BOP could not credit the time he served between October of 2011 and December 12, 2013 because it had been applied to his state-court sentence. The regional director also concluded that Thomas was not eligible to have the BOP retroactively designate the time he served in state custody as the place his federal sentence began to allow the state and federal sentences to run concurrently. The regional director reasoned that his state sentence had already been imposed at the time of his federal sentencing, meaning that "the judge was aware of [his] state sentence and was silent at the time of [his] federal sentencing." Dkt. 11-6, at 8.

Thomas says that he has pursued this relief in other ways within the BOP, but he does not attach evidence of such communications or requests for sentence credit. Thomas also says that he wrote to the federal judge who sentenced him, seeking clarification as to whether she intended his federal sentence to run concurrent with or consecutive to his state sentence. Thomas does not say that he received a response from that judge.

ANALYSIS

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for

challenges to the administration or computation of a sentence. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Under 18 U.S.C. § 3585(b), the Bureau of Prisons *must* apply sentence credit for "any time [the defendant] has spent in official detention prior to the date the sentence commences" and "that has not been credited to another sentence." But the BOP cannot double count time served because "§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence." *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996).

Thomas contends that he is entitled to credit towards his federal sentence for the time he spent in the custody of federal authorities between October 4, 2021 and December 12, 2013. But during that time Thomas was serving his state-court sentence. Although Thomas was in the physical custody of the federal authorities during that time frame, the doctrine of primary custody dictates that an inmate's federal sentence commences only after the government exercises primary jurisdiction over him. *See Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2081) (citing *Loewe v. Cross*, 589 F. App'x 788, 789 (7th Cir. 2014); *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006)). Thomas represented in his informal resolution form that he was in federal custody pursuant to a writ, meaning that during that time-period he remained in primary custody of the State of Pennsylvania. Therefore, the BOP correctly concluded that § 3585(b) precluded it from applying that time to his federal sentencing.

I understand Thomas to also challenge the BOP's decision not to retroactively designate the state prison as the place where he started serving his federal sentence. The BOP "'has the authority to determine when to give a defendant credit against a sentence for time he has

served.'" *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (quoting *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994)). "Under [18 U.S.C.] § 3621, the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence, effectively allowing the state and federal sentences to run concurrently. And the BOP has 'wide discretion' over that designation." *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citations omitted).

Under 18 U.S.C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Thomas argues that in finding no intent to have the sentences run concurrently, the BOP failed to consider the sentencing judge's statement that he should receive credit for time served. In the submissions Thomas provided, the BOP took the judge's silence as to how his federal sentence should run in relation to the state sentence as an indication that the sentences should run consecutively. But the submissions before me do not show that the BOP acknowledged or explained the meaning of the judge's statement that Thomas should receive credit for time served. This statement creates some ambiguity as to the judge's intent: if the judge intended for Thomas to receive credit for time served toward his federal sentence, the state and federal sentences would have to run concurrently because Thomas was in state custody from his March 2011 arrest until his March 2016 parole from state authorities. It is possible that the BOP directly addressed this ambiguity in the DSCC's 2014 or 2015 reasoning, but those decisions are not part of the record. To ensure a clear record of how the BOP considered the sentencing judge's intent as to whether Thomas's federal sentence should run concurrent with or consecutive to his state court sentence, I will set this petition for a response.

ORDER

IT IS ORDERED that:

1.  The clerk of court is directed to send copies of this order and of Maurice Thomas's petition for a writ of habeas corpus and supplement, Dkt. 3, Dkt. 11 and attachments, to respondent at FCI-Oxford, the local United States Attorney, and the United States Attorney General by certified mail, in accordance with Federal Rule of Civil Procedure 4(i).

2.  Within 60 days from the date of service of the petition, respondent must file an answer to the petition, showing cause, if any, why this writ should not issue.

Entered December 13, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge